UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRANCE J. SHAW,

    Plaintiff,

v.

PAUL S. KEMPER, KEVIN CARR,
JOSEPH MCLEAN, KIM M.
CHAFFIN, JERILYN TAYLOR,
TRAVIS BRADY, MICHELLE BONES,
LON BECHER, E. DAVIDSON,
CINDY O'DONNELL, KRISTEN
VASQUEZ, and LAURA FRAZIER,

    Defendants.

Case No. 20-CV-599-JPS

ORDER

Plaintiff Terrance J. Shaw, an inmate confined at Racine Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his rights under the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act were violated. (Docket #1). On March 31, 2021, the Court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed this action on the grounds that Plaintiff had failed to state a claim. (Docket #16). Specifically, the Court held that Plaintiff failed to state an Eighth Amendment claim against Dr. Joseph McLean and Nurse Kim Chaffin for their failure to schedule him for a left hip replacement surgery. (Docket #16 at 8–11). On April 12, 2021, Plaintiff filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), ("Rule 59(e)"), (Docket #19), and a motion to amend the complaint, (Docket #18).

Rule 59(e) permits a party to ask for alteration or amendment of a judgment within twenty-eight days of the judgment's issuance. Fed. R. Civ.

P. 59(e). Plaintiff's motion was timely filed, and so the Court may consider its merits. Nevertheless, the standard that Plaintiff must meet to have his motion granted is steep. A Rule 59(e) motion may be granted only where the movant clearly establishes: "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019); *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) ("District courts need not grant Rule 59(e) motions to advance arguments or theories that could and should have been made *before* the district court rendered a judgment.") (emphasis added) (internal quotation omitted).

In his motion for reconsideration, Plaintiff states that the claim he actually meant to plead is that he suffered unnecessarily prolonged pain in violation of the Eighth Amendment because Dr. McLean and Nurse Chaffin were deliberately indifferent when they did not prescribe him pain medication for his left hip. (Docket #19, #20). Plaintiff seems to argue that the Court, in a liberal reading of his *pro se* complaint, should read into it claims that he never pled. (*Id.*) Although Plaintiff's complaint is verbose with information regarding the alleged deliberate indifference to his left hip pain—nowhere in the complaint does he mention pain medication or the lack thereof. (Docket #1). Further, Plaintiff's complaint includes information about his inmate complaint allegations regarding his left hip pain. (*Id.* at 4–8). Plaintiff cites to the same inmate complaints in his proposed amended complaint. (Docket #18-2). Based on Plaintiff's own submissions, the inmate complaints did not include allegations regarding

pain medication.[1] (Docket #1 at 4–8; Docket #18-2). Indeed, Plaintiff did not bring up the pain medication issue in either his inmate complaints or his complaint in this action. (*Id.*) Instead, Plaintiff's inmate complaints and complaint in this case focus on Plaintiff wanting a left hip replacement surgery and Dr. McLean and Nurse Chaffin not scheduling that surgery. (*Id.*)

The Court is not Plaintiff's lawyer and is not obligated to come up with unpled claims on which Plaintiff may proceed. Plaintiff is a prolific litigant and has filed upwards of 20 cases in federal court. Plaintiff is well aware that he is required to actually state the claim in his complaint on which he wishes to proceed. The Court has not committed a manifest error of law and no new evidence has been discovered. Therefore, the Court will deny Plaintiff's motion for reconsideration and will deny his motion to amend the complaint as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to alter or amend judgment (Docket #19) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint (Docket #18) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2021.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[1] If his inmate complaints do not contain any allegations regarding pain medication, then Plaintiff has not exhausted the required administrative remedies to support a claim of pain medication denial.